# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2013

Lyle W. Cayce
Clerk

No. 12-50278
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO VELEZ-RIVAS, also known as Andrez Gomez, also known as Sergio Rivas,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-3034-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Sergio Velez-Rivas (Velez) has appealed the sentence imposed by the district court following his guilty plea conviction of one count of being found unlawfully present in the United States following removal. The district court imposed a 70-month sentence of imprisonment, which was at the bottom of the Guideline range, and a three-year term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Velez argues that his sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). He does not suggest that the district court committed a procedural error in calculating the applicable guideline range, but he argues that the illegal reentry guideline, U.S.S.G. § 2L1.2, is flawed because it double counts the defendant's criminal history. He contends that the Guidelines overstate the seriousness of his illegal reentry offense, which he characterizes as nothing more than an international trespass. Finally, Velez argues that the Guidelines did not account for his personal history and circumstances and that the district court did not give enough weight to these factors.

The parties agree that plain error review applies; however, they do not control the standard of review. *See United States v. Peltier*, 505 F.3d 389, 391 & n.1 (5th Cir. 2007). We need not determine whether plain error review is applicable because, as discussed below, Velez's arguments fail even under the abuse-of-discretion standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Because the district court sentenced Velez within a properly calculated Guideline range, its sentence is presumptively reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The presumption of reasonableness is rebutted only "upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The Sentencing Guidelines provide for consideration of a prior conviction for both criminal history and the § 2L1.2 enhancement. *See* U.S.S.G. § 2L1.2, comment. (n.6). We have rejected the argument that such double counting necessarily renders a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We have also rejected the argument that the Guidelines overstate the seriousness of illegal reentry because it is simply an

international trespass offense.  *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).  Further, Velez's benign motive for illegally returning to this country fails to establish that the within-guidelines sentence chosen by the district court is unreasonable.  *See United States v. Gomez-Herrera,* 523 F.3d 554, 565-66 (5th Cir. 2008).

The district court considered Velez's sentencing arguments and his reasons for returning to the United States before denying Velez's request for a downward variance and imposing a sentence at the bottom of the advisory guideline range.  "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  Given the deference owed to the district court's sentencing determination, *see Gall v. United States*, 552 U.S. 38, 51-52 (2007), Velez's assertion that his sentence is unreasonable in light of the § 3553(a) factors fails to rebut the presumption that the sentence is reasonable.  *See Cooks*, 589 F.3d at 186.

AFFIRMED.